```
 1  FREDERICK W. GASTON
    STATE BAR # 231179
 2
    GASTON & GASTON, APLC
 3  1010 SECOND AVE., SUITE 1770
    SAN DIEGO, CA 92101
 4  TELEPHONE: (619) 398-1882
    FAX: (619) 398-1887
 5
    MICHAEL P. SOUSA
 6  STATE BAR # 229416

 7  LAW OFFICES OF MICHAEL P. SOUSA
    3232 GOVERNOR DRIVE, SUITE A
 8  SAN DIEGO, CA 92122
    TELEPHONE: (858) 453-6122
 9  FAX: (858) 453-2155

10  Attorneys for Plaintiffs
```

FILED
08 APR -8 PM 4:21
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 641 JLS (WMC)

| | |
|---|---|
| NOLA LONG, individually, and the ESTATE OF DOMINIC LONG deceased, by his parent and successor in interest Nola Long, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SAN DIEGO, OFFICER TRAVIS HANBY and DOES 1 - 20, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL <br><br> 1. 42 U.S.C § 1983 Civil Rights Violations; <br> 2. 42 U.S.C § 1983 Civil Rights Violations <br> 3. 42 U.S.C § 1983 Civil Rights Violations – Unlawful Policies Customs or Habits; <br> 4. Wrongful Death - Negligence; <br> 5. Wrongful Death - Battery; <br> 6. Wrongful Death – Civil Code § 52.1 Civil Rights Violations |

**DEMAND FOR JURY TRIAL**

**COMES NOW, PLAINTIFFS,** and make the following allegations:

LONG V. CITY OF SAN DIEGO – COMPLAINT                    1

(Via Scan/Fax notation in left margin; "CR" marking in bottom left)

**GENERAL ALLEGATIONS**

1) Plaintiff's decedent, DOMINIC LONG ("LONG") was a resident of the City and County of San Diego until he was shot and killed on July 24, 2007.

2) Plaintiff Nola Long is the parent of Plaintiff decedent, Dominic Long. Plaintiff brings this action, and the claims set out below, as an individual on her own behalf under both federal and California law. Plaintiff also brings this action on behalf of the Estate of Dominic Long, deceased, in her representative capacity as successors in interest.

3) Decedent Dominic died intestate in the City of San Diego, County of San Diego, State of California. No special administrator or personal representative of the Dominic Long has been appointed by any Court.

4) The plaintiffs' decedent is Dominic Long, who, at the time of his death on July 24, 2007, was a 32 year-old resident of the City of San Diego, California. At the time of his death, Dominic Long was single and had no children.

5) At all times relevant hereto, defendants Travis Hamby and DOES 1-10 were, and still are, residents of the County of San Diego, State of California, and were duly appointed and acting police officers for the City of San Diego. They are sued individually and in their capacities as employees of the City of San Diego.

6) Defendant City of San Diego is, and at all times mentioned herein was, a municipality within the State of California and is the employer of the above named individual defendants and other police officers referred to herein. The individual defendants performed all of the herein alleged acts for, and in the name of defendant City of San Diego.

7) The true names or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to show the unknown defendants'

LONG V. CITY OF SAN DIEGO – COMPLAINT                                               2

true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and thereon allege, that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged.

8) Each of the acts of the individually named defendants and DOES 1 through 10, were done by them by virtue of and under their authority as police officers for Defendant City of San Diego, and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Said defendants were the servants, agents, and employees of Defendant City of San Diego, and in doing the acts hereinafter described, acted within the course and scope of their employment. Their acts herein alleged are, therefore, imputed to Defendant City of San Diego.

9) Prior to the filing of this complaint, Plaintiff filed timely claims against defendant City of San Diego for the injuries alleged herein. These claims were denied on December 7, 2007.

## FACTUAL ALLEGATIONS

10) It is believed and therefore alleged that Officer Hamby completed his police training approximately twenty months before his encounter with decedent.

11) It is believed and therefore alleged that at the time of the shooting, Officer Hamby was assigned to patrol the Northern Division. Officer Hamby was working alone and did not have a partner with him at the time of the shooting.

12) At approximately 10:13 a.m. on July 24, 2007 Officer Hamby responded to a police to a call reporting that a woman had been assaulted in the area of Mission Bay Park. Upon arriving to Mission Bay Park, Officer Hamby encountered decedent.

13) A police helicopter was present at the time of the shooting, and did assist Defendant Hamby in locating decedent. Though the helicopter did video record the scene after the fatal shooting, no video was taken of the shooting.

14) Decedent posed no threat to the Defendant and did nothing of a violent nature. Decedent did nothing unlawful or threatening.

15) Due to the noise produced by the helicopter, any verbal directions given by Defendant Hamby were inaudible.

16) Defendant fired four rounds at decedent using his Glock .40 caliber semi-automatic pistol. One round struck decedent in the chest, fatally wounding him.

17) The use of force used by Defendant was not objectively reasonable and was not justified.

18) Defendant did not have probable cause to believe that decedent posed a significant threat of death or serious bodily injury to himself, or others.

### FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations on behalf of the Estate of Dominic Long, by his Parent and Successors in Interest, Nola Long]

19) Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

20) The acts alleged above, particularly the act by Defendant Hamby of shooting and killing decedent without justification or necessity, constituted an excessive and unreasonable use of force and thus an unlawful seizure, in violation of Mr. Dominic's rights as guaranteed by the United States Constitution, particularly the Fourth Amendment.

21) Plaintiff Estate of Dominic Long is therefore entitled to damages pursuant to Title 42 U.S.C. section 1983, et seq. in an amount to be proven at trial.

22) The acts of Defendant Hamby as described above amounted to recklessness and thus are a violation of the Fourth Amendment. Said acts proximately caused injury and death to decedent Dominic Long, entitling the Estate of Dominic Long and his successors in interest to damages pursuant to 42 U.S.C. section 1983 et seq. in an amount to be proven at trial.

23) As a direct and proximate result of the unlawful acts, excessive force and recklessness described above, decedent Dominic Long suffered severe injuries and loss of his life. By reason of these acts, decedent was, and his estate and successors in interest now are, entitled by virtue of 42 U.S.C. Section 1983 et seq., to general and compensatory damages in an amount to be proven at trial.

24) As a further result of the actions of said Defendants alleged above, decedent Dominic Long's estate incurred reasonable funeral expenses and loss of such income as Dominic Long would have earned in his lifetime. The Estate of Dominic Long and his successors in interest have lost such estate as decedent might reasonably have accumulated in his natural life expectancy. Thus, Plaintiffs are entitled to damages in an amount to be proven at trial.

25) The aforesaid acts of Defendant Hamby were done willfully, maliciously and/or with callous and reckless indifference to and disregard for decedent's safety and continued life, therefore entitling Plaintiffs to punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations
By Plaintiff Nola Long, Individually]

26) Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

27) As a result of the acts alleged above, particularly the unjustified, unnecessary and excessive use of deadly force which caused the death of decedent Dominic Long, as well as the unreasonable acts leading up to and culminating in the death of Dominic Long, Plaintiffs Nola Long suffered the loss of her son. Thus, the acts of defendant Hamby deprived Plaintiff Nola Long of their constitutionally protected due process right to the love, support, affection and companionship of their son, in violation of Plaintiff Nola Long's rights as guaranteed by the Fourteenth Amendment to the U.S. Constitution, particularly the due process clause of the Fourteenth Amendment.

28) The acts of Defendants and each of them as described above also amounted to recklessness which caused injury and ultimately death to Dominic Long, thus causing a further violation of the Fourteenth Amendment rights of Plaintiff Nola Long. Said acts proximately caused the death of decedent, entitling Plaintiff Nola Long to general and compensatory damages pursuant to 42 U.S.C. section 1983 et seq. in an amount to be proven at trial.

29) The aforesaid acts of Defendant Hamby were done willfully, maliciously and/or with callous and reckless indifference to and disregard for decedent's safety and continued life, therefore entitling Plaintiffs' to punitive damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations via
Unlawful Policies, Customs or Habits]

30) Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

31) On information and belief Plaintiffs allege that Defendant City of San Diego, through its police department, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its police officers, including Officer Hamby and others, proximately causing the constitutional deprivations, injuries and damages alleged in the First and Second Causes of Action. As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

32) Further, on information and belief Plaintiffs allege that Defendant City of San Diego, through its police department, has an unlawful policy, custom or habit of permitting, condoning or ratifying the unnecessary and unjustified use of force by its police officers, including the unjustified use of deadly force.

33) As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiffs suffered the constitutional violations alleged in the First and Second Causes of Action, the injuries alleged in

the First and Second Causes of Action and the injuries alleged the preceding paragraphs and thus Plaintiffs are entitled to general and compensatory damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

[Negligence/Wrongful Death Under California Law
by Plaintiff Nola Long Individually, and as
Successors in Interest to the Estate of Dominic Long]

34) Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35) By the acts alleged above, Defendants and other employees of the City of San Diego were negligent and breached their duty of due care, thereby causing the injuries to and death of Dominic Long as described in the First and Second Causes of Action, and the damages described in the preceding paragraphs. As a result, Plaintiffs are entitled to general and compensatory damages under California law in an amount to be proven at trial.

36) As a result of the negligence described herein, Plaintiff Nola Long is entitled to damages under California law according to proof at trial for the wrongful death of her son, including, but not limited to, loss of love, companionship, comfort, affection, society, moral support, financial support, services, advice, training, and funeral expenses, for which Defendants and each of them are responsible.

### FIFTH CAUSE OF ACTION

[Battery/Wrongful Death Under California Law
by Plaintiff Nola Long Individually, and as
Successors in Interest to the Estate of Dominic Long]

37) Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

38) By the acts alleged herein, particularly defendant Hamby's act of shooting and killing Plaintiff's son, Dominic Long, as described in the Factual Allegations and the First and Second Causes of Action, Defendants committed a battery upon Dominic Long which caused him to suffer injuries and

wrongful death, thereby entitling Plaintiff to damages pursuant to California law. As a result Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

39) As a result of these acts Plaintiff Nola Long suffered the loss of her son and the damages described in the preceding paragraphs, entitling her to damages in an amount to be proven at trial for the wrongful death of her son, including, but not limited to, loss of love, companionship, comfort, affection, society, moral support, financial support, services, advice, training, and funeral expenses, for which Defendants and each of them are responsible.

40) In committing the acts alleged above, Defendant Hamby acted maliciously and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff's decedent and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION

[Civil Code § 52.1 Civil Rights Violations/Wrongful Death
Under California Law by Plaintiff Nola Long Individually,
and as Successors in Interest to the Estate of Dominic Long]

41) Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

42) The acts alleged above, particularly the acts of unjustified physical violence, including the fatal shooting of decedent, are in violation of Plaintiffs' rights guaranteed by the California Constitution (Article I, Sections 7 and 13) and the United States Constitution, particularly the Fourth and Fourteenth Amendments thereto. These acts were committed through threats, intimidation and/or coercion. Therefore, Plaintiffs are entitled to damages pursuant to California Civil Code section 52.1(b).

43) By reason of the acts of Defendants and each of them alleged above, Plaintiff suffered the injuries and damages alleged in the preceding paragraphs. Plaintiff is therefore entitled to general and compensatory damages against Defendants and each of them in an amount to be proven at trial.

44) In committing the acts alleged above, Defendants Hamby acted maliciously and oppressively and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against defendant Hamby only, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and,

4. For such other relief as the Court deems proper.

Respectfully Submitted,

GASTON & GASTON, APLC

DATED: 3-26-08            BY: _____
                              FREDERICK W. GASTON
                              ATTORNEYS FOR PLAINTIFF


THE LAW OFFICES OF MICHAEL P. SOUSA

DATED: 3/26/08            BY: _____
                              MICHAEL P. SOUSA
                              ATTORNEYS FOR PLAINTIFF


Plaintiffs hereby demand a jury trial in this action.

GASTON & GASTON, APLC

DATED: 3-26-08            BY: _____
                              FREDERICK W. GASTON
                              ATTORNEYS FOR PLAINTIFF

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

       # 149506      - SR
       * * C O P Y * *
         April 08, 2008
            16:28:24

          Civ Fil Non-Pris
    USAO #.: 08CV0641
    Judge..: JANIS L. SAMMARTINO
    Amount.:
    Check#.: BC#2062        $350.00 CK


    Total-> $350.00


    FROM: LONG V. CITY OF SD
          CIVIL FILING
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nola Long; Estate of Dominic Long

**DEFENDANTS**
City of San Diego; Travis Hanby; Does 1-20

08 APR -8 PM 4:20

(b) County of Residence of First Listed Plaintiff: Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

Attorneys (If Known)
'08 CV 641    JLS (WMC)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
|  | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
Civil Rights Violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: April 8, 2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 149506   AMOUNT 350.—   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____
4/8/08

## ATTACHMENT - I(c)

Attorneys:

**Frederick W. Gaston**
Gaston & Gaston, APLC
1010 Second Ave., Suite 1770
San Diego, CA 92101
Telephone: 619-398-1882

**Michael P. Sousa**
Law Offices of Michael P. Sousa
3232 Governor Dr., Suite A
San Diego, CA 92122
Telephone: 858-453-6122